# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES J. DODD and<br>DONNA M. DODD, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 4:19-CV-01423 JAR |
| BANK OF NEW YORK MELLON CORP.,<br>et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On May 24, 2019, this matter came before the Court for hearing on Plaintiff's Motion for Temporary Restraining Order or Temporary Injunction. (Doc. No. 2). Plaintiffs appeared by counsel; counsel for Defendants Senad Pindzo and Elzira Pindzo appeared by telephone. For the reasons stated below and on the record, the motion will be denied.

By way of background, Plaintiffs have filed a complaint with this Court to set aside a foreclosure sale of their property that took place on January 11, 2019. Defendants Senad Pindzo and Elzira Pindzo, the putative buyers at the foreclosure sale, have brought legal action in the St. Louis County Associate Circuit Court to evict Plaintiffs from their home. The case is set for trial Tuesday, May 28, 2019 at 10:00. On Friday, May 24, 2019, at 2:11 p.m., Plaintiffs filed the instant motion seeking to enjoin the Pindzos from proceeding with their pending eviction action. Counsel for the Pindzos challenged the adequacy of the notice she received, stating that she received the complaint - minus the numerous exhibits referenced therein - and notice requesting hearing on Plaintiffs' motion for TRO at approximately 4:00 p.m., and had had no opportunity to review it prior to the hearing.

"A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or that party's attorney can be heard in opposition, and (2) the plaintiff's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Plaintiffs have not submitted the requisite affidavit or verified complaint required under the Rule. Furthermore, in accordance with the rulings on the record, the Court finds that notice to Defendants' counsel was inadequate.

Additionally, to determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. V. CL Sys., 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc). Plaintiffs complain they have no opportunity to prosecute this case against the remaining Defendants before the eviction proceeding takes place unless the Court grants a TRO to halt the eviction process. The Court is sympathetic to Plaintiffs' situation. However, the real harm being complained of in this case is the foreclosure sale that occurred in January of this year, the consequence of which is the unlawful detainer action filed in March. Plaintiffs had notice of this action as of April 6, 2019 when they were served. As a result, this matter could have been filed weeks ago. Moreover, these allegations do not show that the harm Plaintiffs may suffer is irreparable since money damages could be sufficient to compensate them for their loss.

The Court therefore finds, in accordance with the rulings on the record, that Plaintiffs have failed to meet their burden of demonstrating the threat of immediate, irreparable harm. The

absence of a showing of the threat of irreparable harm is sufficient ground for denying injunctive relief. See Roberts v. VanBuren Public Schools, 731 F.2d 523, 526 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order or Temporary Injunction [2] is **DENIED.**

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of May, 2019.